IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| MARK POPOWSKI, et al., : | |
| : | |
| Plaintiffs, : | |
| : | |
| v. : | CIVIL ACTION NO. |
| : | 1:04-CV-0889-JOF |
| DEBORAH PARROTT, : | |
| : | |
| Defendant. : | |

**OPINION AND ORDER**

This matter is before the court on Plaintiffs' motion to compel [43-1].

The court has reviewed the procedural history of this case on prior occasions. To repeat, on March 31, 2004, Plaintiffs, Mark Popowski, as fiduciary of the United Distributors, Inc. Employee Health Benefit Plan, and The Commerce Group, the Third-Party Administrator of the United Distributors, Inc. Employee Health Benefit Plan, filed suit against Defendant, Deborah Parrott, under the Employee Retirement Income Security Act of 1974, § 502(a)(3), codified at 29 U.S.C. § 1132(a)(3). Plaintiffs sought reimbursement and/or restitution whether through constructive trust, equitable lien, or any other such appropriate equitable mechanism over the identifiable assets of a personal injury settlement reached by Defendant with a third party. Plaintiffs further sought attorney's fees pursuant to 29 U.S.C. § 1132(g). The suit is essentially a subrogation action by a health plan for

reimbursement of medical expenses it paid on behalf of Defendant who later received a $500,000 settlement in an underlying tort action.

In her motion to dismiss, Defendant contended that the court did not have subject-matter jurisdiction over the suit because the relief Plaintiffs sought was not available under ERISA. In an order dated December 23, 2004, the court agreed with Defendant's position and denied Plaintiffs' motions for a temporary restraining order and preliminary injunction. Plaintiffs appealed and in an opinion issued as mandate on September 22, 2006, the United States Court of Appeals for the Eleventh Circuit reversed this court's ruling on subject matter jurisdiction relying on recent authority from the United States Supreme Court in *Sereboff v. Mid-Atlantic Medical Services, Inc.*, ___ U.S. ___, 126 S. Ct. 1869 (2006).

On November 17, 2006, the court adopted the mandate of the Court of Appeals as the judgment of this court and set a discovery deadline of April 20, 2007. Defendant Parrott then answered Plaintiffs' complaint. In an order dated January 16, 2007, the court granted the request of Defendant's attorney to withdraw and decided that additional briefing would be necessary before ruling on Plaintiffs' pending motions for a temporary restraining order and preliminary injunction.

Since that time, Defendant informed the court that she intends to proceed *pro se*. She also filed a supplemental briefing arguing that her case is different than *Sereboff* because the funds she received in settlement of her personal injury lawsuit were not placed

into a separate account. Defendant also stated that she disagreed with the Supreme Court's ruling in *Sereboff*, and it would be a hardship for her to be required to pay the approximately $154,000 sought.

On June 11, 2007, Plaintiffs filed a motion to compel stating that they sent interrogatories and requests for production to Defendant on March 30, 2007, and there has been no response to them. On May 14, 2007, Plaintiffs sent another letter to Defendant seeking to resolve the discovery dispute and asking her to respond. Defendant has not done so, and Defendant did not respond to Plaintiffs' motion to compel.

The court has reviewed the discovery requests propounded by Plaintiffs and notes that they are limited in scope essentially to what settlement money Defendant received and where that money is now. These issues are relevant to the court's consideration of the claim as described in *Sereboff*.

As such, the court GRANTS Plaintiffs' motion to compel [43-1] and DIRECTS Defendant to respond to Plaintiffs' discovery requests within thirty (30) days from the date of this order. The court notes that failure to respond to the court's direction on this matter can lead to sanctions up to and including default judgment against Defendant. Should Defendant fail to respond to Plaintiffs' requests, Plaintiffs have an additional thirty (30) days to file dispositive motions on their claim. The Clerk of the Court is DIRECTED to resubmit the case to the court at that time.

3

AO 72A
(Rev.8/82)

**IT IS SO ORDERED** this 31st day of October 2007.


                                             s/ J. Owen Forrester
                                                  J. OWEN FORRESTER
                               SENIOR UNITED STATES DISTRICT JUDGE

AO 72A
(Rev.8/82)